UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-20478CR-COOKE

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JONATHAN CRUZ,
ERIC ORTIZ MELENDEZ,
JORGE APONTE FIGUEROA, and
DAVID GONZALEZ,

    Defendants.
_____/

## JOINT MOTION TO RETAIN LEARNED COUNSEL THROUGH TRIAL

Defendants JONATHAN CRUZ, ERIC ORTIZ MELENDEZ, JORGE APONTE FIGUEROA, and DAVID GONZALEZ, by and through undersigned counsel, pursuant to Rule 47, Federal Rules of Criminal Procedure, and the 6th Amendment, United States Constitution, file this Joint Motion to Retain Learned Counsel Through Trial and state in support:

1. Defendants are charged with numerous offenses, including Hobbs Act robberies, brandishing a firearm in furtherance of a crime of violence, discharging a firearm in furtherance of a crime of violence, and causing the death of a person in the course of a violation of 18 U.S.C. § 924(c).

2. Because Defendants were potentially facing the death penalty, this Court appointed learned counsel to represent each defendant: Stuart Adelstein (CRUZ); Rae Shearn (ORTIZ MELENDEZ); Jose Rafael Rodríguez (APONTE FIGUEROA); and Bruce Fleisher (GONZALEZ).

1

3. Recently, undersigned counsel learned that the Government will be waiving the death penalty for all Defendants.

4. Nonetheless, due to the special circumstances of this case, the Defendants seek for this Court to order learned counsel to remain as second chair counsel through the trial in this matter.

5. This is an extremely difficult and unusually complex case. The Government has provided an enormous amount of discovery in this matter: over 1 terabyte of data including documents, videos, audio recordings, expert reports, etc. This is an immense amount of information for any one attorney to review and analyze before trial, and to keep track of and utilize during trial.

6. For each defendant, first chair counsel and learned counsel both have reviewed discovery, communicated with their respective client, and worked together to prepare their defenses for trial.

7. All learned counsel have become intimately familiar with the case, including all guilt-phase issues related to the charged offenses. Learned counsel would be able to provide much needed assistance to the respective first chair counsel in preparing and defending this case at trial.

8. In addition, each learned counsel have uncovered and developed information and evidence in their respective cases related to potential defenses at trial and sentencing.

9. Further, all counsel have continued to be actively involved in the case and have developed significant relationships with their respective defendants during the course of their representation.

10. Additionally, the Government's decision to waive the death penalty has come at a late stage of these proceedings. Each of the defendants were indicted for the charged offenses in 2017, and thus this case has been pending for approximately two years.

11. Removing second chair counsel would be extremely disrupting at this stage. Because each of the learned counsel has been so intimately involved in their representation, the defendants would be at an unfair disadvantage to lose one of their attorneys prior to trial. Removing the second chair counsel would substantially interfere with the defendants' right to effective representation in this matter.

12. Under these circumstances, it is necessary for the Court to order second chair counsel to remain in this case and continue to represent their respective defendants through trial.

## MEMORANDUM OF LAW

### I. THE CJA GUIDELINES EXPLICITLY AUTHORIZE THE RETENTION OF SECOND CHAIR COUNSEL AFTER THE DEATH PENALTY IS WAIVED

Criminal Justice Act (CJA) § 230.53.20 permits the appointment and compensation of a second chair counsel for extremely difficult cases, including non-death penalty cases, where such appointment is necessary and in the interest of justice. In cases where the death penalty was initially sought but later waived, the court should consider retaining learned counsel when there are extenuating circumstances. Pursuant to CJA § 630.30.20, the court should consider:

> (1) the need to avoid disruption of the proceedings;
>
> (2) whether the decision not to seek the death penalty occurred late in the litigation;
>
> (3) whether the case is unusually complex; and
>
> (4) any other factors that would interfere with the need to ensure effective representation of the defendant.

### II. THIS COURT SHOULD EXERCISE ITS DISCRETION TO RETAIN SECOND CHAIR COUNSEL IN ORDER TO ENSURE THAT DEFENDANTS RECEIVE A FAIR TRIAL

District courts have **broad discretion** to decide whether to retain learned counsel after the Government has waived the death penalty. *United States v. Douglas*, 525 F.3d 225, 238 (2d Cir.

2008) (deciding whether "the retention of both counsel is necessary in the interest of justice after the government has announced it will not seek the death penalty is an exercise best left to the broad discretion of the district court."); *United States v. Steel*, 759 F.2d 706, 710 (9th Cir. 1985) (the decision to appoint more than one attorney "is left to the sound discretion of the district court, taking into consideration the circumstances of each case."). *Compare United States v. Grimes*, 142 F.3d 1342, 1347 (11th Cir. 1998)(defendants not "entitled" to capital case benefits). Moreover, numerous district court judges have recognized the importance of having second chair counsel appointed in difficult cases, including cases where the death penalty was never even sought.

"The Court has discretion to decide whether to retain two attorneys for each defendant, including learned counsel, after the elimination of the death penalty." *United States v. Eldridge*, 2014 WL 2999600 at *1 (W.D.N.Y. July 2, 2014). In *Eldridge*, the defendants were charged with multiple murders, robberies, and related offenses. The court noted that each learned counsel had developed a relationship with their clients, and the court went on to determine that due to the "complex legal and factual issues" in the case, removing learned counsel even after the death penalty was waived "would cause significant disruption in the defendants' representation and place an atypical burden on the remaining counsel." *Ibid*. Accordingly, the court refused to remove the learned counsel for the defendants.

In *United States v. Stewart*, 2017 WL 9481030 (E.D. Mo. April 5, 2017), the court found that it was necessary to maintain second chair counsel after the Government informed the Court that it would no longer be seeking the death penalty. The court noted that each of the second chair counsel continued "to be actively involved in this case" and "that their removal would disrupt the proceedings because of the attorney-client relationship that they have developed with the

4

defendants." *Id.* at *9. Also, the court noted that the Government's decision not to seek death occurred approximately a year after the indictment, which was "late in this litigation." *Ibid.*

In *United States v. Williams*, 2016 WL 471263 (D.D.C. February 5, 2016), the court appointed a second chair counsel in a non-capital case because the case was "extremely difficult" and the additional attorney was necessary to prepare an adequate defense. The court noted that a second chair counsel was necessary for a number of reasons, including the "voluminous" amount of discovery, and the potential penalty of life imprisonment that the defendant faced. *Id.* at 2.

The court in *United States v. Jones*, 2008 WL 2967028 (D.N.J. July 31, 2008) found that extenuating circumstances existed to justify retention of learned counsel after the Government notified the court that it would no longer be seeking the death penalty:

> First, there is a need to avoid disruption of the proceedings. Termination of the appointment of the learned counsel will increase the work for the primary counsel, which in turn will delay and disrupt the proceedings of this case. In addition, the government informed this Court and Defendants of its decision not to seek the death penalty one year after the appointment of the learned counsel, which is well into this litigation. More importantly, this case is unusually complex. The complexity of this case has been recognized by both the United States Attorney for the District of New Jersey and the defense counsel, as evidenced by the Complex Case Order. Further, the charges emanating from a homicide, racketeering activity, including robbery, attempted murder and narcotics distribution all contribute to the gravity and magnitude of this case. Finally, during the one year appointment, each learned counsel has established and developed a significant attorney-client relationship with each of their clients, which will facilitate effective representation, if all learned counsel are maintained.

*Id*. at *4 (footnote and citation omitted).

Other courts have retained learned counsel based on the factors outlined in *Jones, supra, Eldridge, supra,* and *Williams, supra. See, e.g., United States v. Carmen*, 2004 WL 1102318 (N.D. Ill. May 10, 2004) (retaining learned counsel noting the number of alleged crimes, the vast amount of evidence to be considered and the anticipated length of the trial);

5

*United States v. Garcia*, 2004 WL 1794489 (S.D.N.Y. August 11, 2004) (retaining learned counsel noting that counsel have become deeply familiar with the case and the defendants).

The numerous factors supporting the retention/appointment of second chair counsel in the cases cited above also support retention of second chair counsel in the instant case:

- The Government has provided voluminous discovery that a single attorney cannot reasonably be expected to be able to review and analyze on their own, and to make use of during trial;
- This is an unusually complex case, both pre-trial and during trial, due to various legal and factual issues;
- These cases have been pending for nearly two years, and the decision to not seek the death penalty came very late in the litigation;
- Learned counsel have been intimately involved in representing their respective client for much of the time that the cases have been pending;
- Learned counsel have developed significant relationships with their clients, and earned the trust and respect of their clients which is necessary for preparation of a meaningful defense;
- Learned counsel have uncovered and developed information and evidence in their respective cases related to potential defenses at trial and sentencing;
- Removing second chair counsel will disrupt the proceedings and place an undue burden on first chair counsel;
- The Defendants are all facing life imprisonment if convicted; and
- Removing learned counsel will undermine the Defendants' right to effective counsel throughout these proceedings.

WHEREFORE, Defendants request for this Court to grant this motion and enter an order retaining/re-appointing their learned counsel as second chair counsel through the trial in this matter.

Respectfully submitted,

*Counsel for Jonathan Cruz*

G.P. Della Ferra, Esq.
10800 Biscayne Blvd., Suite 520
Miami, FL 33161-7400
(305) 892-6869
(305) 892-6798 (FAX)
gpdellaferra@aol.com

Stuart Adelstein, Esq.
Adelstein & Matters
2929 S.W. 3rd Avenue, Suite 410
Miami, FL 33129
(305) 358-9222
(305) 285-9110 (FAX)
adelsteinslaw@aol.com

*Counsel for David Gonzalez*

Israel Jose Encinosa, Esq.
9100 S. Dadeland Blvd., Suite 1500
Miami, FL 33156
(786) 497-7241
(305) 258-1285 (FAX)
encilaw@aol.com

Bruce Fleisher, Esq.
Biscayne Bank Tower
2601 S. Bayshore Drive, Suite 245
Coconut Grove, FL 33133
(305) 859-7999
(305) 397-2461 (FAX)
bruce@brucefleisherlaw.com

*Counsel for Jorge Aponte Figueroa*

David J. Joffe, Esq.
110 S.E. 6th Street, Suite 1700
Ft. Lauderdale, FL 33301
(954) 723-0007
(954) 723-0033 (FAX)
DavidJJoffe@aol.com

J. Rafael Rodriguez, Esq.
6367 Bird Road
Miami, FL 33155
(305) 667-4445
(305) 667-4118 (FAX)
jrafrod@bellsouth.net

*Counsel for Eric Ortiz Melendez*

Joseph A. Chambrot, Esq.
1885 N.W. N. River Drive
Miami, FL 33125
(305) 547-2101
(305) 547-2107 (FAX)
joseph@chambrotlaw.com

Rae Shearn, Esq.
1885 N.W. N. River Drive
Miami, FL 33125
(305) 545-0014
(305) 545-0097
rshearn@raeshearnlaw.com

## **CERTIFICATE OF SERVICE**

We, the undersigned, certify that this Motion was electronically filed with the Clerk of Court using CM/ECF on this 9th day of September, 2019.

| | |
|---|---|
| *s/ G.P. Della Ferra* <br> G.P. Della Ferra, Esq. | *s/ Israel Jose Encinosa* <br> Israel Jose Encinosa, Esq. |
| *s/ Stuart Adelstein* <br> Stuart Adelstein, Esq. | *s/ Bruce Fleisher* <br> Bruce Fleisher, Esq. |
| *s/ David J. Joffe* <br> David J. Joffe, Esq. | *s/ Joseph A. Chambrot* <br> Joseph A. Chambrot, Esq. |
| *s/ J. Rafael Rodríguez* <br> J. Rafael Rodriguez, Esq. | *s/ Rae Shearn* <br> Rae Shearn, Esq. |